By the Court.—Curtis, Ch. J.
This motion came on to be heard August 27, 1879 ; it was brought on by an order to show cause, granted August 22, 1879, returnable at one o’clock of that day, when, after stating the nature of the motion and that it was for an extra allowance, it was adjourned by the .court, on application of the defendant’s counsel, to August 27. Upon the last named day, it appearing that pending the adjournment the plaintiff had entered judgment, which had since been paid, the defendant’s counsel moved that the motion be denied, with costs against the plaintiff’s attorney personally, which was granted. *426 In the statement of facts upon the appellant’s points it is mentioned that the plaintiff’s attorney, on August 27, asked leave of the court to withdraw the motion, but I fail to see that in the papers. The affidavit of the defendant’s attorney, which is not contradicted, alleges as follows:
‘1 That on the said 22d day of August inst., the plaintiff’s attorney taxed the costs of this action immediately after the said adjournment of said motion. That the said plaintiff’s attorney, the same day, without notice to deponent, entered judgment in favor of the plaintiff against the said bank, for debt and costs as taxed. That deponent is informed and believes, that said attorney for plaintiff, without notice to deponent, and without his knowledge of the entry of said judgment, took a transcript thereof to the president of said bank and demanded payment thereof; and by way of excusing his unprofessional conduct, represented that by its immediate payment to him the bank would save the sheriff’s fees, and thereby induced the said president, without any opportunity of consulting deponent, as counsel for said bank, to refer the matter to the cashier, with instructions to pay said judgment.
“That said cashier sent for deponent to consult him on the subject on the following day, the 23d inst., at the office of said bank, where he found the plaintiff’s attorney in waiting for payment of said judgment, and after examining the satisfaction piece, which was defectively acknowledged, the same having been re-acknowledged according to law, the said judgment was paid and satisfaction thereof delivered to said cashier of the bank, and the same has been discharged of record.”
It thus appears, that the defendants, after the final costs were adjusted, and after the payment of the judgment in full, and after the execution of the satisfaction piece, were compelled, without any counter. *427 mand or withdrawal, to attend to oppose the motion for an allowance on August 27. This motion being in conflict with Rule 47 of the rules of the courts and the settled practice of the courts, could not be entertained, and was denied, with costs and disbursements to be paid by the plaintiff’s attorney personally.
The plaintiff herself, having been previously paid the judgment, and having executed a satisfaction piece, had no just right to direct the attorney who had represented her to bring on this motion for an allowance, and to argue it. Nor does it appear from the papers that she was then cognizant of such act, or authorized it. It was proper that provision should be made in the order for the payment of the defendant’s costs of attending and opposing the motion. The circumstances were such that even if there had been any liability on the part of the plaintiff to pay the costs, it was a proper exercise of the discretion of the court to direct their payment by the attorney. As the plaintiff’s relations to the litigation had ceased with the recovery and payment of the judgment and its satisfaction, there was nothing before the court on the present papers that disclosed any reason why she should pay, or be ordered to pay these costs, or that called for such an order. The person who, subsequently to the satisfaction of the judgment, claimed to act, or acted, as the plaintiff’s attorney, and brought on the motion, should, as between the two, more properly be called on to pay the costs of opposing, especially as he saw fit after this satisfaction and extinguishment of the judgment, to present such an application to the court.
The order appealed from should be affirmed, with costs.
Freedman, J., concurred.